# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENJAMIN McKEAG )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROCKHURST UNIVERSITY CONTINUING )<br>EDUCATION CENTER, INC., d/b/a )<br>NATIONAL SEMINARS TRAINING )<br>)<br>Defendant. ) | Case No. 15-9363-DDC-JPO |

## JOINT PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because the parties recognize that during the course of this litigation, they may use or be required to produce or disclose information that they consider to contain or constitute information regarded as confidential. Because this case relates to Plaintiff's former employment with Defendant, discovery in this case may seek private information concerning nonparties, including, but not limited to, nonparties' names, residential addresses, telephone numbers, and personnel files and information contained within those files; documents concerning Defendant's internal investigations of nonparties; documents concerning Defendant's internal policies, business operations, and confidential and/or proprietary information; and

documents concerning Plaintiff's personal, financial, employment, and medical information. The parties wish to ensure that no such information is disclosed to the public or to any other persons or entities who might use the information for any purpose other than this litigation, and to limit disclosure of such information only to persons or entities permitted by this order.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

**1.   Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.

**2.   Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the Parties will limit their designations of "Confidential Information" to the following categories of information or documents:

   a. Information regarding Defendant's organization and operations that is not available to the public;

   b. Financial information of the parties not publicly filed with any federal or state regulatory authorities;

   c. Defendant's proprietary information that has not been disclosed to the public;

   d. Defendant's policies and procedures and employee-only communications;

e. Confidential and/or personal information about past or present employees and/or members of Defendant, including but not necessarily limited to the following: (i) personnel, medical, payroll, benefits, and other similar documents and files; (ii) performance evaluations; and (iii) personal information such as social security number, tax documentation, telephone number, and residential address;

f. Employment complaints or charges of discrimination filed by any employee of Defendant, including but not limited to agency investigations of the same;

g. Confidential information regarding Defendant's internal investigations, including but not limited to investigations conducted by Defendant's attorneys and/or agents;

h. Confidential financial information pertaining to the Plaintiff; and

i. Confidential medical information pertaining to the Plaintiff.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the

Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order. The producing party may thereafter designate such information as Confidential Information, and the receiving party shall thereafter treat such information as Confidential Information. If a producing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the inadvertently disclosed information and certify to the producing party's counsel that all such inadvertently disclosed information has been returned or destroyed.

5. **Depositions**. Any party may also designate information disclosed at a deposition in connection with this Action by indicating on the record when the testimony is given that the testimony is "Confidential" and subject to this order. Any party may also designate information disclosed at such deposition by notifying all parties in writing within thirty days after receipt of the transcript of such deposition that the entire transcript, or portions therein, are to be treated as Confidential Information. Such written notice shall then be attached by the receiving party and/or reporter to the transcript and to each copy thereof in its possession, custody, or control. Each party will treat all deposition transcripts as Confidential Information, regardless of whether they have or have not been so designated, for thirty days after receipt of the transcript so as to give sufficient time for the other party to provide the written notice mentioned in this paragraph.

6. **Protection of Confidential Material.**

    **(a)** **General Protections.** Designated Confidential Information must be used

or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, and shall not be disclosed for any other purpose.

A receiving party may use designated Confidential Information to comply with a legal obligation; provided, however, that if such compliance requires disclosure of the designated Confidential Information to an individual who is not listed in Section 6(b) of this Order, then the receiving party shall provide written notice of such intended disclosure to the designating party at such time as would reasonably allow the designating party to serve a written objection upon the receiving party in advance of the disclosure. If the designating party serves such written objection, then the receiving party shall not disclose designated Confidential Information without approval of this Court.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Counsel for the parties and employees and agents of counsel;

(3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(7) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A;

(8) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

Designated Confidential Information shall not be disclosed by the receiving party to any individual who is not identified herein without an order of this Court or the prior written consent of the designating party. This restriction shall not apply to the designating party, who retains all rights, liberties, privileges, and prerogatives to use its designated Confidential Information regardless of this Order.

**(c) Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

**7. Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be

filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Within thirty days of receiving notice of a designation of Confidential Information, the receiving party may challenge whether such designated Confidential Information is actually confidential and properly subject to the protection of this Order by serving the designating party with written notice of the challenge identifying the information subject to the challenged designations and the reasons why the receiving party believes the information is not properly designated.

Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or

trial.

      **10.**    **Obligations on Conclusion of Litigation.**

           **(a)**    **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

           **(b)**    **Return of Confidential Documents.**  Within forty-five days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

           **(c)**    **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.

      **11.**    **Order Subject to Modification**.  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

      **12.**    **No Prior Judicial Determination.**  This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

14. **Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

15. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney client privilege or work product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 30 days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other

party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: February 8, 2016

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge

Approved as to form and content,

/s Matthew E. Terry
Matthew E. Terry      KS Bar #25659
Daniel C. Miller, LLC
618 S.E. 4th Street
Lee's Summit, Mo 64063
matt@dmillerlawoffice.com

**Attorney for Plaintiff**

/s/ Robert J. Rojas
Paul F. Pautler, Jr.       KS Bar #14894
Robert J. Rojas           KS Bar #25807
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Paul.pautler@huschblackwell.com
Robert.rojas@huschblackwell.com

**Attorneys for Defendant**

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *McKeag v. Rockhurst University Continuing Education Center, Inc. d/b/a National Seminars Training* and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  _____
                                      Signature